1

2

3

4

5

6

7

8                       United States District Court

9                      Eastern District of California

10

11

12  Jeffrey Gerard Jones,

13          Petitioner,              No. Civ. S 97-2167 MCE PAN P

14      vs.                          Findings and Recommendations

15  Jill L. Brown, Acting Warden,    <u>Death Penalty Case</u>
    San Quentin State Prison,

16

17          Respondent.                     -oOo-

18      This capital habeas corpus action proceeds on the October

19  30, 2003, second amended petition.

20      Respondent moved August 24, 2004, to dismiss some claims in

21  the petition either because petitioner defaulted them in state

22  court or they fail to state a federal claim for relief, or both.

23  Respondent also contends one claim is time-barred, one claim is

24  unexhausted, petitioner lacks standing to assert one claim, and

25  one claim is premature.[1]

26

---

[1]  Respondent argues throughout her motion that references to certain
constitutional amendments in the pleading are inapposite.  The court finds
this is not a ground to dismiss any claim or portion of a claim.

Petitioner was convicted by a jury and judgment was imposed February 22, 1989.  His opening brief in his automatic appeal was filed September 7, 1994.  Judgment was affirmed March 10, 1997, in People v. Jones, 15 Cal. 4th 119 (1997).  In affirming, the court found petitioner had waived some of his claims by failing to object in the trial court.

Petitioner filed a petition for habeas corpus in the California Supreme Court December 6, 1995, and it was denied November 3, 1997.  See Respondent's Item 61, lodged April 30, 2004.  Some claims were denied because they could have been, but were not, raised on appeal (id., citing In re Dixon, 41 Cal. 2d 756 (1953)), or because they were raised and rejected on appeal.  Id., citing In re Waltreus, 62 Cal. 2d 218 (1965).

Petitioner filed a second petition for habeas corpus in the California Supreme Court December 5, 2000, and it was denied September 24, 2003.  See Respondent's Item 60, lodged April 30, 2004.  Some claims were denied as untimely.  Id., citing In re Robbins, 18 Cal. 4th 770 (1998).

Federal courts will not review a claim decided by a state court if its decision rests on a state law that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722 (1991).  A state rule is "independent" if not interwoven with federal law.  Michigan v. Long, 463 U.S. 1032, 1040-41 (1983).  It is "adequate" if clear, well-established and consistently applied.  Bargas v. Burns, 179 F.3d 1207, 1211 (9th Cir. 1999).  The relevant date for

1   determining the independence of the state procedural rule is the

2   date the state court makes its order finding the claim barred.

3   See La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001); Park

4   v. California, 202 F.3d 1146 (9th Cir. 2000) (assessing whether

5   California's Dixon rule was "independent" when the California

6   Supreme Court denied petitioner's habeas petition).   The

7   adequacy of a state procedural rule is determined at the time of

8   the petitioner's purported default.  Id.  Thus, the respective

9   dates for determining the adequacy and independence of a state

10  procedural rule may not be the same.

11      Respondent asserts some claims are barred by California's

12  requirement that habeas claims be timely presented.  Pursuant to

13  policies adopted by the California Supreme Court in June 1989, a

14  habeas petition was presumed timely if filed within 90 days after

15  a petitioner's reply brief on direct appeal was due.  See In re

16  Robbins, 19 Cal. 4th 770, 780 (1998).  If not entitled to this

17  presumption, a petitioner had to demonstrate timeliness by

18  establishing absence of substantial delay, good cause for delay

19  or an exception.  Id.  Because there was an exception for error

20  of federal constitutional magnitude, this rule was not

21  independent and was ineffective to bar federal review until the

22  Robbins decision August 3, 1998, when the California Supreme

23  Court disentangled its timeliness rule from any consideration of

24  federal constitutional law.  Bennett v. Mueller, 322 F.3d 573,

25  581 (9th Cir. 2003).  Robbins was decided before the California

26  Supreme Court imposed the procedural bar on petitioner in 2000.

1   Petitioner's attempt to distinguish <u>Bennett</u> upon the ground it

2   was not a capital case is unpersuasive insofar as it concerns the

3   independence of the rule.

4       To assert the bar here, respondent also must sustain a

5   burden of establishing that California's timeliness rule is

6   adequate.  <u>Bennett</u>, 322 F.3d at 585-86 (burden of proving

7   adequacy of a state bar lies with the state).  Unlike the

8   "independence" determination, adequacy is assessed at the time

9   the actual default occurred.  The California Supreme Court did

10  not state when petitioner defaulted the court's timeliness rule

11  but, necessarily, it was some time between December 6, 1995, when

12  he filed his first petition (that was not found untimely) and

13  December 5, 2000, when he filed his second petition (that was

14  found untimely).  As most of this period of delay occurred before

15  the <u>Robbins</u> decision, in light of the state court's omission to

16  specify when the default occurred, it is not possible for

17  respondent to satisfy its burden.

18      Respondent next asserts some claims are procedurally

19  defaulted because they were not presented in petitioner's opening

20  brief on appeal.  <u>See</u> <u>Dixon</u>.  At least until August 3, 1998, when

21  the California Supreme Court decided <u>Robbins</u>, the <u>Dixon</u> rule was

22  neither an independent nor an adequate state law ground.  <u>Park</u>,

23  202 F.3d 1146 (<u>Dixon</u> rule not independent pre-<u>Robbins</u>); <u>Fields v.</u>

24  <u>Calderon</u>, 125 F.3d 757 (9th Cir. 1997) (<u>Dixon</u> rule unclear and

25  inconsistently applied as late as 1993).  This default occurred

26  in 1994, when petitioner filed his opening brief on appeal.

1  Accordingly, none of petitioner's claims is barred because not
2  presented on direct appeal.

3      Respondent asserts some claims are procedurally defaulted
4  because petitioner violated California's rules against piecemeal
5  litigation of claims, viz., "successive" petitions.  The alleged
6  default occurred December 6, 1995, when petitioner filed his
7  first state habeas petition and did not include all of his
8  claims.  California's piecemeal litigation rule was not
9  "independent" of federal law until the state supreme court
10 decided In re Robbins in 1998.  See Bennett.

11     Respondent contends petitioner's Claims II, VIII-B, VIII-C1,
12 VIII-C3, VIII-D and X are procedurally defaulted because counsel
13 failed to make contemporaneous objections at trial and the
14 California Supreme Court consequently found them waived.

15     Petitioner opposes, arguing that the contemporaneous
16 objection rule was not well-established, clear, or consistently
17 applied at the time of petitioner's trial; the rule does not
18 apply in capital cases because the California Supreme Court has
19 an affirmative duty to review the entire record of such cases for
20 error; and counsel was ineffective in failing to object and thus
21 review of the claims is not barred.

22     California's contemporaneous objection rule is an adequate
23 and independent state procedural rule enforceable by federal
24 courts when properly invoked by state courts.  Rich v. Calderon,
25 187 F.3d 1064, 1066 (9th Cir. 1999); see also Hines v. Enmoto,
26 658 F.2d 667, 673 (9th Cir. 1981), reversed on other grounds in

<u>Ross v. Oklahoma</u>, 487 U.S. 81 (1988); <u>Van Sickel v. White</u>, 166 F.3d 953 (9th Cir. 1997).

Petitioner in essence concedes the rule but contends California excepts capital cases.  In <u>People v. Bob</u>, 29 Cal. 2d 321, 328 (1946), the California Supreme Court found that an imperfect hearsay objection, conceded by the state, adequately preserved the issue for appeal but also said that by providing for automatic appeal to the supreme court in death penalty cases and enjoining the court to examine the record and prepare a written decision "from which it should appear that no miscarriage of justice has resulted" and in view of the fact many capital cases are defended by inexperienced appointed counsel, "it would seem appropriate for this court to take a liberal view of the technical rules applicable to criminal cases generally . . . and examine the record with the view of determining whether or not in the light of all that transpired at the trial of the case a miscarriage of justice has resulted."

In <u>People v. Frank</u>, 38 Cal. 3d 711 (1985), the court reversed a death penalty imposed in part on evidence obtained pursuant to an overly broad warrant.  The court acknowledged the trial objection "could have been more specific," then added:

> [W]hile in a noncapital case a claim of erroneous
> admission of evidence will not be reviewed in the
> absence of a timely and proper objection . . . , we
> have long followed a different rule in capital cases.
> On an appeal from a judgment imposing the penalty of
> death, a technical insufficiency in the form of an
> objection will be disregarded and the entire record
> will be examine[d] to determine if a miscarriage of
> justice resulted. (<u>People v. Bob</u> (1946) 29 Cal.2d 321,

1
2
3
4
5
6
7
8

> 328 [175 P.2d 12].)   The <u>Bob</u> rule is even more relevant
> today, in light of the recognition by the United States
> Supreme Court of the fact that death is "profoundly
> different from all other penalties" (<u>Eddings v.
> Oklahoma</u> (1982) 455 U.S. 104, [71 L.Ed. 1, 8, 102 S.Ct.
> 869]) and its repeated holdings that a capital
> defendant is therefore entitled to enhanced procedural
> protections against arbitrary infliction of the supreme
> penalty.   Indeed, this court recently cited <u>Bob</u> in
> support of its promise that in capital cases it will
> review trial errors even when defense counsel has
> failed to complain of them on appeal.   (<u>People v.
> Easley</u> (1983) 34 Cal. 3d 858, 864 [196 Cal. Rptr. 309,
> 671 P.2d 813].)

9  <u>Id.</u> at 729 n. 3.

10      In <u>Easley</u> the court withdrew an opinion after the state

11 public defender filed an amicus curiae brief on a number of

12 "significant legal issues" in the penalty phase of the trial that

13 neither the defense nor the state had raised, saying:

14
15
16
17

> Recognizing that in death penalty cases the provisions
> of section 1239, subdivision (b) impose "a duty upon
> this court 'to make an examination of the complete
> record of the proceedings . . . to the end that it be
> ascertained whether defendant was given a fair trial"
> [citations omitted], we granted a rehearing to give
> full consideration to the new issues.

18 34 Cal. 3d at 864-65.   But the court then invoked the rule

19 barring attacks on search warrants not raised in the trial court

20 and examined the issue only insofar as it implicated competency

21 of trial counsel.

22      Based on the Ninth Circuit's decisions in <u>Rich</u> and <u>Van

23 Sickel</u>, I conclude these state court decisions do not establish

24 an exception to California's general rule requiring objection in

25 the trial court.   Accordingly, Claims II, VIII-B, VIII-C1, VIII-

26 C3, VIII-D and X should be dismissed on this ground.   That

1   conclusion, however, does not foreclose examination of the same

2   issues pursuant to a claim that petitioner's counsel provided

3   ineffective assistance by failing to make those objections at the

4   trial.

5       Respondent asserts Claims III, IV, V, VIII and X should be

6   dismissed for failure to state a federal question.

7       Claim III alleges that petitioner was denied assistance of

8   competent experts, the competent assistance of counsel and,

9   consequently, a reliable determination of competency, guilt,

10  sanity and penalty.  Specifically, petitioner challenges trial

11  counsel's choice of Dr. Edwards as an expert neuro-psychologist

12  at the competency phase, and decision to abandon all issues

13  pertaining to neuro-psychology at subsequent stages.  Petitioner

14  claims a violation of two rights, that of competent expert

15  assistance (Ake v. Oklahoma, 470 U.S. 68 (1985) and that of

16  effective assistance of counsel.  Strickland v. Washington, 466

17  U.S. 668 (1984).

18      Respondent argues there is no federal constitutional right

19  to the assistance of an effective expert.

20      Ake gives a criminal defendant a right of access to a

21  competent psychiatric expert but the state fulfills its duty by

22  giving defendant's counsel funds to engage the expert.  Harris v.

23  Vasquez, 949 F.2d 1497 (9th Cir. 1991).  Here, the state

24  satisfied that obligation regardless of whether, in hindsight,

25  the services provided by Dr. Edwards' proved "competent".  The

26  court will address Claim III through the lens of Strickland by

1 asking whether counsel reasonably relied upon Dr. Edwards'

2 evidence.  Separate "Ake" claims should be dismissed.

3    Respondent contends as to Claim IV-A of the petition that

4 "the portion" of the claim citing People v. Wheeler, 22 Cal.3d

5 258 (1978) should be dismissed as stating a claim of a state law

6 violation only.  Each reference to Wheeler in the pleading

7 includes a reference in the same sentence to Batson v. Kentucky,

8 476 U.S. 79 (1986).  While citation to Wheeler is unnecessary,

9 this superfluity does not vitiate the pleading.

10    Respondent also seeks dismissal of Claim IV-C.  Petitioner

11 alleges denial of his request for a separate penalty jury

12 violated his right to an impartial jury under the Sixth and

13 Fourteenth Amendments and his right to a reliable determination

14 of capital sentence under the Eighth Amendment.  Respondent

15 argues this claim merely asserts evidence of petitioner's anti-

16 social behavior admitted during sanity phase was inadmissible as

17 an aggravating factor in the penalty phase, and federal habeas

18 corpus does not lie to review questions about the admissibility

19 of evidence.  See Estelle v. McGuire, 502 U.S. 62 (1991).

20 However, respondent herself admits such evidentiary ruling may

21 state a federal claim if it violates petitioner's fundamental

22 right to a fair trial.  Respondent's argument fails and dismissal

23 is not warranted.

24    Claim VII alleges petitioner was denied procedural due

25 process by being deprived of a full and fair hearing of his

26 competency to stand trial because he was mentally absent (Claim

I), forcibly medicated (Claim II), and denied effective

assistance of counsel at the competency hearing (Claim III).  In

essence, this is a "cumulative error" claim which this court must

consider whether or not it was presented in state court as an

independent claim.  See e.g., Mak v. Blodgett, 970 F.2d 614 (9th

Cir. 1992).  "Relation back" is not truly at issue; this claim is

not time-barred where component claims were filed timely in state

court.

Respondent contends portions of Claim XIII alleging

constitutional violations based on incompetency during appellate

and state post-conviction proceedings are unexhausted.

Respondent admits this court found the claim exhausted in its

March 13, 2000, findings and recommendations adopted by the

district court June 22, 2000.  Respondent has not shown that

resolution of the claim will turn on facts that fundamentally

alter the claim presented in the California Supreme Court.

Respondent argues, citing only decisions from other

circuits, that Claim XVII should be dismissed because petitioner

lacks standing to challenge violations of international treaties.

The United States Supreme Court's decision in Breard v. Greene,

523 U.S. 371 (1998), recognizing the standing of a criminal

defendant but not of a foreign government to assert rights under

the Vienna Convention, disproved respondent's argument.

Dismissal of Claim XIII is unwarranted.

Finally, respondent asserts petitioner's Claim XIX, that he

is incompetent to be executed, is premature because no execution

1  date yet has been set.  See Ford v. Wainwright, 477 U.S. 399

2  (1986).  This claim was raised in petitioner's second state

3  habeas petition and dismissed as premature, and petitioner

4  explains he now raises it in this proceeding to preserve his

5  rights under Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

6  Petitioner concedes the claim is not ripe.  It should be

7  dismissed as premature.

8       Accordingly, the court hereby recommends that:

9       1.  Respondent's August 24, 2004, motion to dismiss be

10  granted in part;

11      2.  Claims II, VIII-B, VIII-C1, VIII-C3, VIII-D and X be

12  dismissed based on California's contemporaneous objection rule;

13      3.  Allegations in Claim III the state violated plaintiff's

14  right to a competent expert under Ake v. Oklahoma be dismissed

15  and the claim be addressed only as alleging ineffective

16  assistance under Strickland v. Washington; and

17      4.  Claim XIX be dismissed as premature.

18      Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these

19  findings and recommendations are submitted to the United States

20  District Judge assigned to this case.  Written objections may be

21  filed within 20 days of service of these findings and

22  recommendations.  The document should be captioned "Objections to

23  Magistrate Judge's Findings and Recommendations."  The district

24  judge may accept, reject, or modify these findings and

25  recommendations in whole or in part.

26      Dated:  June 2, 2005.

1

          /s/ Peter A. Nowinski

2

          PETER A. NOWINSKI

          Magistrate Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26