1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7             FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    JEFFREY GERALD JONES,                No. CIV S-97-2167-MCE-CMK

10              Petitioner,               DEATH PENALTY CASE

11       vs.                             <u>ORDER</u>

12   EDDIE YLST,[1] Acting Warden,

13              Respondent.

14   _____/

15          Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

17   dismiss (Doc. 68), filed on August 24, 2004.  Following re-assignment of this action on March 1,

18   2006, the undersigned has reviewed the findings and recommendations (Doc. 77) issued on June

19   30, 2005, as well as the parties' various objections and responses (Docs. 78, 79, and 80).

20          In dispute are the court's conclusions regarding the applicability of state

21   procedural defaults to petitioner's claims.  In the interest of justice, the court finds it appropriate

22   to vacate the June 3, 2005, findings and recommendations and obtain further briefing from the

23   parties on the following questions:

24

25        [1]     Pursuant to Federal Rule of Civil Procedure 25(d), Eddie Ylst is substituted for
     his predecessor.  The Clerk of the Court is directed to update the docket to reflect the above
26   caption.

1

1       1.      Whether, as to each state procedural default, the parties have met their
                respective burdens pursuant to the framework set out in <u>Bennett v.</u>
2               <u>Mueller</u>, 322 F.3d 573 (9th Cir. 2003);

3       2.      Whether, as to each state procedural default, such default was adequate for
                defaults occurring between the dates the California Supreme Court
4               decided <u>In re Clark</u>, 5 Cal.4th 750 (1993), and <u>In re Robbins</u>, 19 Cal.4th
                770 (1998); and
5
        3.      Whether, as to each state procedural default and assuming it applies, cause
6               and prejudice exists.

7               To the extent a party has already addressed one of these questions in briefing filed

8       to date, the briefing required by this order need only direct the court to the portions of the

9       existing briefing addressing that question.  Upon the completion of additional briefing, the court

10      will determine whether a hearing would be beneficial and, if so, will set a hearing date.

11      Otherwise, respondent's motion to dismiss will stand submitted on the papers and the court will

12      issue new findings and recommendations in due course.

13              Accordingly, IT IS HEREBY ORDERED that:

14      1.      The findings and recommendations issued on June 3, 2005, are vacated;

15      2.      Within 30 days of the date of this order, the parties shall each file and

16      serve a brief addressing the questions identified above;

17      3.      Within 45 days of the date of this order, any party may file and serve a

18      response.

19

20      DATED:   April 26, 2006.

21

22      _____
        **CRAIG M. KELLISON**
23      UNITED STATES MAGISTRATE JUDGE

24

25

26

2