IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GERALD JONES, | No. CIV S-97-2167-MCE-CMK |
| Petitioner, | DEATH PENALTY CASE |
| vs. | <u>ORDER</u> |
| RON DAVIS[1], | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's counsel's request under <u>Harbison v. Bell</u>, 556 U.S. 180, 190 n.7 (2009), and 18 U.S.C. § 3599 for an order determining ". . .that it would be appropriate for federal counsel to appear in state court to exhaust state remedies."

/ / /

/ / /

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ron Davis is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

1

1        At the outset, the court notes that the manner in which petitioner's counsel's request has been presented is improper. Specifically, the request was made by way of a March 16, 2015, letter signed by Federal Defender Heather E. Williams, Esq., and submitted directly to chambers "under seal." The request was not and has not been filed on the court's public docket, nor is there any indication that the letter was sent to respondent's counsel. Petitioner's counsel made no separate request that the court permit a filing under seal. Moreover, petitioner's counsel submitted a proposed order, also to be filed under seal. Again, petitioner's counsel has offered no justification for a filing under seal.

        With respect to the substance of petitioner's counsel's request, the request will be denied at this point in time. Under the authorities cited by petitioner's counsel, the court may authorize the Office of the Federal Defender to represent petitioner in state court exhaustion proceedings. However, the cited authorities also clearly contemplate that, <u>before</u> such authorization is granted, a determination must first be made as to whether it is permissible to return to state court. Because no such determination has been made, petitioner's counsel's request for authorization to represent petitioner in state court exhaustion proceedings is premature.

        Finally, the court notes that this case is currently stayed due to petitioner's incompetence. Respondent's motion to lift the stay is currently set for hearing on June 24, 2015.

        Accordingly, IT IS HEREBY ORDERED that petitioner's counsel's request for a determination under <u>Harbison v. Bell</u>, 556 U.S. 180, 190 n.7 (2009), and 18 U.S.C. § 3599 is denied without prejudice.

DATED: March 30, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE