1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY GERALD JONES,                    2:97-CV-2167-MCE-CMK

12              Petitioner,                   DEATH PENALTY CASE

13        vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   RON DAVIS,

15              Respondent.

16   _____/

17              Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion

19   (Doc. 125) for an order staying this case and holding further proceedings in abeyance pending

20   resolution of a third state court exhaustion petition.

21              Petitioner seeks to raise three new claims in state court.  In Claim A of the

22   proposed third exhaustion petition, petitioner argues that relief is available because the

23   prosecution's expert, Dr. Arthur Lamb, has now repudiated his prior opinion expressed at trial

24   that petitioner was malingering.  In Claim B, petitioner seeks to introduce new evidence to the

25   state court in the form of the prosecutor's trial notes which suggest that peremptory challenges

26   were improperly used to exclude jurors based on race.  In Claim C, petitioner relies on a recent

1

1    district court decision out of the Central District of California in <u>Jones v. Chappell</u>, 31 F. Supp.

2    3d 1050 (C.D. Ca. 2014), holding that systemic delays in the resolution of capital cases in

3    California violate the Eighth Amendment.

4          When a stay-and-abeyance motion is filed, there are two approaches for analyzing

5    the motion, depending on whether the petition is mixed or fully exhausted.  <u>See</u> <u>Jackson v. Roe</u>,

6    425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a

7    mixed petition containing both exhausted and unexhausted claims, the request is analyzed under

8    the standard announced by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  <u>See</u>

9    <u>Jackson</u>, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what

10    petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal

11    petition, the approach set out in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on</u>

12    <u>other grounds by</u> <u>Robbins</u>, 481 F.3d 1143, applies.  <u>See</u> <u>Jackson</u>, 425 F.3d at 661.

13          Under <u>Rhines</u>, as a threshold condition for this court to exercise its discretion to

14    issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was

15    good cause for failing to exhaust claims before raising them in the federal case.  <u>See</u> <u>Rhines v.</u>

16    <u>Weber</u>, 544 U.S. at 277.  If there is good cause for petitioner's failure to exhaust, it may be an

17    abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory

18    litigation tactics.  <u>See</u> <u>id.</u> at 278.  Stay and abeyance is not appropriate where the unexhausted

19    claim is plainly meritless.  <u>See</u> <u>id.</u> at 277.  If a stay-and-abeyance order is issued with respect to a

20    mixed petition, the district court may employ a three-step procedure which involves:  (1) the

21    dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims

22    pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims

23    that then relate back to the original petition.  <u>See</u> <u>Calderon v. United States Dist. Ct. (Taylor)</u>,

24    134 F.3d 981, 986-88 (9th Cir. 1998).

25    / / /

26    / / /

1    Under <u>Kelly</u>, the district court is required to ". . . consider the option of holding

2 the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in

3 state court before attempting to amend his federal petition to include the newly exhausted

4 claims." <u>Jackson</u>, 425 F.3d at 661 (citing <u>Kelly</u>, 315 F.3d at 1070).  Whether to exercise this

5 option is within the discretion of the district court.  <u>See Kelly</u>, 315 F.3d at 1070.  However, the

6 Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would

7 otherwise be forfeited." <u>Id</u>.  Moreover, a stay under such circumstances promotes comity by

8 deferring the exercise of federal jurisdiction until after the state court has ruled.  <u>See id</u>.

9    Turning to the three claims petitioner seeks to raise in state court, this court finds

10 that, under <u>Rhines</u>, petitioner has not shown good cause.  Alternatively, under <u>Kelly</u>, the court

11 finds that a discretionary stay is not appropriate.

12    As to Claim A, a stay is not warranted because petitioner has not shown diligence.

13 Specifically, the claim is based on Dr. Lamb's March 18, 2015, declaration but petitioner has not

14 explained why that declaration could not have been obtained sooner.  As respondent observes,

15 even though California law only recently changed to explicitly recognize a repudiated expert

16 opinion as "false evidence" warranting relief under California Penal Code § 1473, petitioner

17 could have nonetheless contacted Dr. Lamb much sooner to discuss his opinion.  Section 1473

18 was amended in 1975 to allow relief based on false evidence and, until the California Supreme

19 Court's decision in <u>In re Richards</u>, 55 Cal. 4th 948 (2012), holding that expert opinion is not

20 evidence in and of itself subject to § 1473, petitioner could have contacted Dr. Lamb.[1]  Petitioner

21 has not explained why, despite his long-standing mental problems, he did not contact Dr. Lamb

22 prior to 2012.

23 / / /

24

25    [1]    In response to <u>In re Richards</u>, § 1473 was amended, effective January 1, 2015, to
explicitly recognize that "false evidence" includes expert opinions that have been repudiated by
26 the expert originally providing the opinion.

1       As to Claim B, petitioner asserts that he has new evidence in the form of the

2   prosecutor's notes only obtained from the Sacrament County District Attorney's Office in 2008

3   through informal discovery.  However, as respondent notes, petitioner initially sought an

4   informal exchange of discovery from the Sacramento County District Attorney's Office in 2000

5   but the request was declined due to lack of good cause.  Petitioner has not explained what, if

6   anything, he did between 2000 and 2008 to attempt to establish good cause sufficient for the

7   informal exchange or to attempt to obtain the documents through formal discovery and court

8   order.

9       As to Claim C, a stay is not warranted because the claim is meritless on federal

10  habeas review and because petitioner has not shown diligence.  The claim is meritless because it

11  is not cognizable.  Federal habeas relief is available only based on the state court's

12  misapplication of rules clearly announced by the United States Supreme Court.  Here, the delay

13  claim is based on a district court decision and not on any rule announced by the Supreme Court

14  made retroactive on collateral review.  Furthermore, petitioner has not been diligent in presenting

15  this claim.  While the Central District decision was not issued until 2014, petitioner's case has

16  been pending for nearly 30 years.  Thus, the delay in resolving his case was apparent long before

17  the Central District's decision.  As respondent observes, no Supreme Court authority provides

18  that ". . .a petitioner can store a claim in reserve until the day it is favorably received by a federal

19  court in another case."

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1    Based on the foregoing, the undersigned recommends that petitioner motion (Doc.

2 125) be denied.

3    These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court.  Responses to objections shall be filed within 14 days after service of

7 objections.  Failure to file objections within the specified time may waive the right to appeal.

8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   DATED: September 8, 2015

11   _____
     **CRAIG M. KELLISON**
12   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26