IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GERARD JONES,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD,<br><br>Respondent. | No. 2:97-CV-2167-MCE-DMC<br><br><br><br>DEATH PENALTY CASE<br><br>ORDER |

Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pending before the Court is Petitioner's motion, ECF No. 156, for reconsideration of the District Judge's March 30, 2016, order, ECF No. 148, denying Petitioner's prior motion for issuance of a stay-and-abeyance order pending ongoing proceedings in state court. Respondent has filed a statement of non-opposition to Petitioner's current motion for reconsideration. See ECF No. 158. Because the motion is not opposed, the hearing set for January 26, 2022, at 10:00 a.m., before the undersigned in Redding, California, will be vacated. Petitioner's unopposed motion for reconsideration and for issuance of a stay-and-abeyance order will be addressed by separate findings and recommendations to the District Judge.

/ / /

/ / /

1

On June 9, 2021, Petitioner filed a report on the status of state court proceedings. See ECF No. 151. Notably, Petitioner advises this Court that, pursuant to the stipulation of the parties, his death sentence has been vacated and that Petitioner has been resentenced to life without the possibility of parole. See id. at 2. Given this posture, on August 30, 2021, the Court directed Petitioner to show cause why this action should not be dismissed without prejudice to Petitioner's right to challenge his current sentence in a new federal habeas petition. See ECF No. 152. Petitioner has filed responses to the order to show cause. See ECF Nos. 157 and 159.

In these responses, Petitioner acknowledges that re-sentencing to life without the possibility of parole renders his current penalty-phase claims moot. See ECF No. 159, pg. 1. While Petitioner presents Ninth Circuit authority indicating that re-sentencing does not require Petitioner to pursue a second round of state court exhaustion proceedings as to his guilt-phase claims, Petitioner does not address whether he must nonetheless re-file his federal habeas petition because the prior state court judgment which is the subject of the current petition – both for guilt-phase and penalty-phase claims – has been vacated and Petitioner's current incarceration is based on a new state court judgment and sentence. The issue is not one of exhaustion of the guilt-phase claims. The issue is whether this Court may consider claims which challenge a state court judgment that has since been superseded.

Additionally, the Court is concerned about Petitioner's continued entitlement to appointed counsel under 18 U.S.C. § 3599(a)(2) given that the condition precedent for such appointment – the existence of a death sentence – no longer exists.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for January 26, 2022, at 10:00 a.m., before the undersigned in Redding, California, is vacated;

2. Within 30 days of the date of this order, Petitioner shall file a brief memorandum addressing: (a) whether the Court may continue to consider Petitioner's guilt-phase claims notwithstanding his resentencing in state court, and (b) whether Petitioner remains entitled to appointed counsel under 18 U.S.C. § 3599(a)(2); and

///

3. Respondent may file a response to Petitioner's memorandum within 15 days of the date of service thereof.

Dated: January 19, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE